UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25329-CV-ALTONAGA/MCALILEY

CHANGE CAPITAL PARTNERS FUND
I, LLC.,

       Plaintiff,

vs.

OTI FIBER, LLC,

       Defendant.

_____/

## REPORT AND RECOMMENDATIONS

       Pending before the Court is Defendant's Motion for Sanctions, which the Honorable Cecilia M. Altonaga referred to me for a report and recommendation. (ECF Nos. 155, 156). The Motion is fully briefed. (ECF Nos. 157, 158). Having carefully reviewed the parties' memoranda, the applicable law and the pertinent portions of the record, for the reasons explained below, I recommend that the Court deny the Motion.

## I.    BACKGROUND

       Plaintiff Change Capital, LLC originally filed this action in the New York Supreme Court for the County of New York, following which Defendant OIT Fiber, LLC removed the case to the Southern District of New York. (ECF No. 3, 3-2). In its Notice of Removal, Defendant asserted that "[o]n information and belief, there is complete diversity of citizenship between the parties…." (ECF No. 3 at ¶ 8). Defendant based its assertion of complete diversity upon the following:

1

> Plaintiff is a limited liability company organized under the laws of the State of Delaware, and maintains its principal place of business in New York, New York. Compl. ¶ 1. Upon information and belief, Plaintiff's managing member, Raffi Azadian, is domiciled in and a citizen of the State of New York. Upon information and belief, Plaintiff is, consequently, a citizen of New York.
>
> ****
>
> Defendant Oti is a limited liability company organized under the laws of the State of Florida, and maintains its principal place of business in Florida. Compl. ¶ 3. Defendant Oti's managing member is domiciled in and a citizen of Florida. Defendant Oti does not have any members who are citizens of New York or Delaware. Consequently, Defendant Oti is a citizen of Florida and it is not a citizen of New York or Delaware.

(*Id*. at ¶¶ 9, 11). The parties later stipulated to a change of venue from the Southern District of New York to the Southern District of Florida. (ECF No. 10). The case was transferred to this District on December 19, 2018 and assigned to Judge Altonaga. (ECF Nos. 11, 12, 13).

The next day Judge Altonaga, *sua sponte*, entered an order requiring the parties to "file a notice clarifying the citizenship of the parties and the basis of this Court's jurisdiction…." (the "Disclosure Order") (ECF No. 19 at 3). Judge Altonaga found that the jurisdictional allegations in the Notice of Removal were insufficient to establish complete diversity of citizenship because "there are no specific allegations concerning the citizenship of OTI Fiber, LLC's members, other than the citizenship of its managing member…" and "Plaintiff's managing member is a citizen of New York, but there is no information concerning the citizenship of Plaintiff's other members." (*Id*. at 2). Judge Altonaga

2

determined that "[b]efore the Court may assess whether there is diversity jurisdiction, the parties must submit allegations or proof detailing the citizenship of each of Plaintiff, Change Capital Partners Fund I, LLC's and Defendant, OTI Fiber LLC's *members*." (*Id.*) (emphasis in original) (citations omitted).

Plaintiff filed a Statement of Diversity Citizenship, which states, in relevant part:

> Pursuant to *Rolling Green MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (Cir. 2004), the members of Change Capital are citizens of New York or New Jersey as follows:
>
> a. ANIELLO ANTHONY MARRUCCA, an individual, is a resident of New Jersey;
>
> b. AZADIAN GROUP LLC, a Delaware limited liability company, maintains its principal place of business in New York; its sole member also is a resident of New York;
>
> c. DUCK POND LLC, a New York limited liability company, maintains its principal place of business in New York; its sole member also is a resident of New York;
>
> d. *KAZAZIAN CAPITAL MASTER FUND, L.P., a Cayman Islands limited partnership, maintains its principal place of business in New York*; and
>
> e. HAMILTON COURT INVESTORS LLC, a New Jersey limited liability company, maintains its principal place of business in New Jersey; its sole member also is a resident of New Jersey.

(ECF No. 21) (emphasis added). In its response to the Disclosure Order, Defendant identified its members as citizens of Florida, Vermont, Texas, Puerto Rico, England and Bahamas. (ECF No. 23).

The case proceeded through discovery, dispositive motion practice and a nine-day bench trial. After trial concluded, the Court, *sua sponte*, entered an order that dismissed the

action without prejudice for lack of subject-matter jurisdiction. (ECF No. 143). The Court found that upon closer inspection of the parties' responses to its Disclosure Order, complete diversity was lacking. In particular, one of Plaintiff's members, Kazazian Capital Master Fund, L.P. ("Kazazian"), "is a Cayman Islands limited partnership that maintains its principal place of business in New York" and several members of Defendant are citizens of England and the Bahamas. (*Id.* at 2). The Court concluded that there is not complete diversity between the parties because "[i]t is well accepted that the presence of at least one alien on both sides of an action destroys diversity." (*Id.*) (quotation marks and citations omitted).

Defendant filed a Motion for Reconsideration, asserting that diversity is not destroyed even though Kazazian, a limited partnership and one of Plaintiff's members, was created in the Cayman Islands; Defendant correctly observed that the relevant inquiry is the citizenship of Kazazian's general and limited partners. (ECF No. 144). The Court ordered Plaintiff to respond to the Motion for Reconsideration. (ECF No. 145). In its two-sentence response, Plaintiff joined in Defendant's request that the Court resolve the case by final judgment but noted "that its review of the ownership of Kazazian Capital Master Fund, LP unfortunately indicates at least one member is a citizen of a foreign state." (ECF No. 146).

Defendant filed a reply, that asked the Court to require Plaintiff to disclose all of Kazazian's partners, and their respective citizenships, at the time the action was brought. (ECF No. 147 at 3). The Court agreed and ordered Plaintiff to identify the citizenship of Kazazian's partners "at the time the suit was filed ***and*** at the time Defendants removed it."

(ECF No. 148, *see also* 152) (emphasis in original). Plaintiff did so, and identified the partners of Kazazian as citizens of New York, New Jersey, California, Florida, Colorado, Pennsylvania, Armenia and Lebanon. (ECF No. 153). The Court then denied the Motion for Reconsideration, again finding that complete diversity is lacking because "Plaintiff and Defendant each have members who are citizens of Florida." (ECF No. 154).

Defendant's Motion for Sanctions followed. Defendant asserts that Plaintiff violated Rule 16(f) of the Federal Rules of Civil Procedure by failing to comply with the Disclosure Order, and seeks recovery of the attorney's fees and costs it incurred defending itself in this action. (ECF No. 155). Plaintiff contends that sanctions are not warranted because there is no evidence that it acted with subjective bad faith or disobeyed a court order, and because Defendant, as the party who removed this action to federal court, bore the burden of demonstrating that diversity jurisdiction existed.

## II.     ANALYSIS

As an initial matter, the Court must decide whether it has the power to grant the relief that Defendant seeks despite the lack of subject-matter jurisdiction. A recent decision of the Eleventh Circuit, *Hyde v. Irish*, is instructive. 962 F.3d 1306 (11th Cir. 2020). In *Hyde*, the Eleventh Circuit held that "a district court may address a sanctions motion based on its inherent powers or § 1927 even if it lacks jurisdiction over the underlying case." *Hyde*, 962 F.3d at 1310. Although *Hyde* did not address Rule 16(f), its reasoning is equally applicable here. The *Hyde* court explained that "[o]nce a court loses jurisdiction over a case, it may no longer decide issues arising out of that case. But it can still decide certain 'collateral' issues related to the case." *Id.* at 1309 (citations omitted). The Eleventh Circuit

further explained that "issues collateral to the merits of the case" include "things like the imposition of costs, attorney's fees, and contempt sanctions." *Id*. Defendant seeks the award of its attorney's fees, as a sanction, which, as *Hyde* makes clear, is a collateral issue the Court can still address even though it lacks subject matter jurisdiction.[1]

Having determined that the Court can resolve the Motion, I turn to the applicable standard. The Motion is based upon Rule 16(f), which provides that a court "may issue any just orders…if a party or its attorney…fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Plaintiff argues that it did not disobey the Disclosure Order because it identified Kazazian as a Cayman Islands limited partnership. (ECF No. 157 at 11-12). This assertion is disingenuous.

The Disclosure Order required the parties to disclose the citizenship of their members. (ECF No. 19). Kazazian was a member of Plaintiff, yet Plaintiff omitted the citizenship of Kazazian's partners even though Supreme Court and Eleventh Circuit precedent clearly held that "for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)); *Rivas v. The Bank of New York Mellon*, 676 Fed. App'x 926, 930 (11th Cir. 2017) (citing *Rolling Green*)). Plaintiff cited *Rolling Green* in its response to the Disclosure Order, which makes its failure

---

[1]As the *Hyde* recognized, "the purpose of sanctions outlasts the end of the case. Otherwise, parties who abuse the judicial procedures could get off scot-free anytime it turned out that the district court lacked subject-matter jurisdiction." *Hyde*, 962 F.3d at 1310.

to identify the citizenship of Kazazian's partners more troubling. The Court expects counsel to be knowledgeable of the governing law and to read the cases they cite to the Court. Plainly, Plaintiff did not meet this obligation and did not fully comply with the Disclosure Order and, therefore, I conclude that Plaintiff failed to obey a pretrial order as contemplated by Rule 16(f).

Rule 16(f)(2) provides for an award of attorney's fees against a party that fails to comply with a pretrial order. The Rule states that "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). Surprisingly, Plaintiff does not address Rule 16(f)(2) in its Response. Instead, it discusses the standard applicable to an award of sanctions under the Court's inherent power. (ECF No. 157). Defendant did not invoke the Court's inherent authority as a basis to award attorney's fees, and thus Plaintiff's Response, which addresses the wrong standard, is utterly unhelpful.

The language of Rule 16(f)(2) is unambiguous. An award of attorney's fees is mandatory when a party fails to comply with a pretrial order unless one of the two stated exceptions applies. Plaintiff offers no explanation why it failed to include the citizenship of Kazazian's partners when it responded to the Disclosure Order, and therefore, it has not shown that its noncompliance was substantially justified. The only other basis on which the Court can decline to award attorney's fees is if "other circumstances make an award of expenses unjust." On these facts, I find this a difficult question to answer.

7

Both parties had an obligation, even absent a court order, to know the law of diversity jurisdiction and to make the necessary inquiries to determine whether complete diversity existed. Both parties are sophisticated and are represented by sophisticated counsel who are equally capable of meeting this obligation. Without question, Plaintiff should have identified the citizenship of Kazazian's partners when it responded to the Disclosure Order. But Defendant could have easily spotted this deficiency in Plaintiff's response and sought to clarify the citizenship of Kazazian at that time. It did not.

Importantly, Defendant does not contend that Plaintiff deliberately concealed its non-diverse member. (ECF No. 155 at 8-9). Moreover, Plaintiff initially filed this lawsuit in New York state court, and had no need at the outset to analyze diversity jurisdiction. Defendant brought the action to federal court, and had the obligation to demonstrate that complete diversity existed because "[a] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Green*, 374 F.3d at 1022 (citation omitted).

In my estimation, these facts balance out to a draw. Each party bears responsibility for failing to realize the absence of complete diversity. Given that both parties share fault, I conclude that it would be unjust to place the financial consequences of that failure wholly upon Plaintiff. As the Supreme Court recognized, "[j]urisdictional rules may ... result in the waste of judicial resources and may unfairly prejudice litigants." *Henderson ex rel. v. Shinseki*, 562 U.S. 428, 434 (2011). That is certainly the situation here. The parties and the Court devoted considerable resources to this case for naught. When I consider the record

as a whole, and the circumstances of this case, I conclude that awarding Defendant the attorney's fees it incurred litigating this action would be unjust.

## III.      RECOMMENDATION

For the foregoing reasons, I respectfully recommend that the Court **DENY** Defendant's Motion for Sanctions, (ECF No. 155).

## IV.      OBJECTIONS

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Cecilia M. Altonaga, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 30th day of September 2020, at Miami, Florida.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Cecilia M. Altonaga
    Counsel of Record