UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25329-CIV-ALTONAGA/McAliley

CHANGE CAPITAL PARTNERS
FUND I, LLC,

    Plaintiff,
v.

OTI FIBER LLC,

    Defendant.
    _____/

**ORDER**

**THIS CAUSE** comes before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendations [ECF No. 159], entered September 30, 2020, recommending the Court deny Defendant, OTI Fiber, LLC's Motion for Sanctions [ECF No. 155], filed on July 29, 2020. On October 12, 2020, Defendant timely filed Objections [ECF No. 160] to the Report.

The Motion concerns Defendant's request for sanctions and attorney's fees and costs for Plaintiff's "violation of Federal Rule of Civil Procedure 16(f), and its failure to comply with th[e] Court's December [20], 2018 Order" [ECF No. 19]. (Mot. 1 (alterations added)). "Rule 16(f) permits a district court to issue 'any just orders' if, among other things, a party fails to obey a scheduling or other pretrial order." *Yaffa v. Weidner*, 717 F. App'x 878, 883 (11th Cir. 2017) (quoting Fed. R. Civ. P. 16(f)(1)). The Rule further provides:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Rule 16(f) affords broad discretion to a district court. *See United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003).

As stated in the Report, Defendant asserts "Plaintiff violated Rule 16(f) . . . by failing to comply with the [Court's December 20, 2018] Order[] and seeks recovery of the attorney's fees and costs it incurred defending itself in this action." (Report 5 (alterations added)). Following a correct factual and legal analysis, the Report concludes:

> Both parties had an obligation, even absent a court order, to know the law of diversity jurisdiction and to make the necessary inquiries to determine whether complete diversity existed. Both parties are sophisticated and are represented by sophisticated counsel who are equally capable of meeting this obligation. Without question, Plaintiff should have identified the citizenship of Kazazian's partners when it responded to the Disclosure Order. But Defendant could have easily spotted this deficiency in Plaintiff's response and sought to clarify the citizenship of Kazazian at that time. It did not.
>
> Importantly, Defendant does not contend that Plaintiff deliberately concealed its non-diverse member. Moreover, Plaintiff initially filed this lawsuit in New York state court, and had no need at the outset to analyze diversity jurisdiction. Defendant brought the action to federal court, and had the obligation to demonstrate that complete diversity existed because "[a] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Green*[*, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)] (citation omitted).
>
> In my estimation, these facts balance out to a draw. Each party bears responsibility for failing to realize the absence of complete diversity. Given that both parties share fault, I conclude that it would be unjust to place the financial consequences of that failure wholly upon Plaintiff. As the Supreme Court recognized, "[j]urisdictional rules may … result in the waste of judicial resources and may unfairly prejudice litigants." *Henderson ex rel. v. Shinseki*, 562 U.S. 428, 434 (2011). That is certainly the situation here. The parties and the Court devoted considerable resources to this case for naught. When I consider the record as a whole, and the circumstances of this case, I conclude that awarding Defendant the attorney's fees it incurred litigating this action would be unjust.

(*Id.* 8–9 (second alteration added; record citation omitted)).

Defendant objects. (*See generally* Objs.). When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th

Cir. 2010) (alterations added; citation omitted).

Defendant raises three objections. (*See generally* Objs.). First, Defendant insists the circumstances are not unjust, citing the inaccurate nature of Plaintiff's Statement of Diversity of Citizenship [ECF No. 21]. (*See id.* 2–4). Second, Defendant maintains the facts do not balance out to a draw, emphasizing Plaintiff's "affirmative mis-statement" in its Statement of Diversity of Citizenship. (*Id.* 4–5). Third, Defendant contends the Report "[e]rred in not [a]portioning [f]ault" to Plaintiff. (*Id.* 5–6 (alterations added; emphasis omitted)). The Court disagrees.

Quite simply, Defendant's objections highlighting the omission in Plaintiff's Statement of Diversity of Citizenship and expressing frustration regarding its defense of this case are unpersuasive. Defendant, the removing party, bears — at all times — the burden of showing that federal subject matter jurisdiction exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226 (11th Cir. 2017). At no time was Defendant relieved of its burden even if Plaintiff "made affirmative statements that made the listing of each partner appear unnecessary." (Mot. 5). As the Report correctly notes, Defendant not only "had an obligation . . . to make the necessary inquiries to determine whether diversity existed" but also "had the obligation to demonstrate that complete diversity [did in fact] exist[]" in this case. (Report 8 (alterations added)). It failed to do so.

In short, the Court agrees with the Report's thorough and well-reasoned analysis and conclusion. (*See generally* Report). The Court, in its discretion, does not believe sanctions are warranted under the circumstances of this case. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendations **[ECF No. 159]** is **ADOPTED**. Defendant, OTI Fiber, LLC's Motion for Sanctions **[ECF No. 155]** is **DENIED**.

CASE NO. 18-25329-CIV-ALTONAGA/McAliley

**DONE AND ORDERED** in Miami, Florida, this 15th day of October, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

4

CASE NO. 18-25329-CIV-ALTONAGA/McAliley

**DONE AND ORDERED** in Miami, Florida, this 15th day of October, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record